# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40312
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IVAN GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-822-2

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ivan Gonzalez appeals his conviction for conspiracy to transport undocumented aliens. Gonzalez argues that the Government violated the Fourth Amendment by illegally and unethically obtaining material witness warrants for two undocumented aliens, in order to secure their presence for Gonzalez's re-trial after they had been released following his original trial. According to Gonzalez, those warrants also were erroneously granted because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the magistrate judge lacked the authority to grant them and because the standards under 18 U.S.C. § 3144 were not met for re-detaining the undocumented aliens as material witnesses. Gonzalez contends that the testimony of the undocumented aliens at the second trial should be suppressed pursuant to the doctrine of fruit of the poisonous tree, the Government should be held accountable for its conduct in order to protect the integrity of the federal courts, and Gonzalez's indictment should be dismissed.

Gonzalez's arguments are unavailing. First, "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978) (internal quotation marks and citation omitted). Gonzalez may not assert a Fourth Amendment challenge on behalf of the undocumented aliens regarding the propriety of their detention as material witnesses and may not seek to suppress evidence pursuant to the exclusionary rule based on their detention. *See id.*

Second, the undocumented aliens were called at Gonzalez's re-trial only as defense witnesses. Gonzalez has not demonstrated prosecutorial misconduct that warrants vacatur of his conviction or dismissal of his indictment because he has not demonstrated the requisite prejudice to the defense. *See Ohler v. United States*, 529 U.S. 753, 755 (2000) ("Generally, a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted."); *United States v. Poole*, 735 F.3d 269, 278-79 (5th Cir. 2013). The conduct of the Government here does not establish error so pervasive that it infected the integrity of the proceedings. *See United States v. Bowen*, 799 F.3d 336, 351-55 (5th Cir. 2015).

Lastly, Gonzalez has waived his appellate challenge to the propriety of the re-detention of the undocumented aliens because, after the magistrate judge vacated her order granting the material witness warrants in dispute,

No. 16-40312

Gonzalez requested that the undocumented aliens be made available for his re-trial so that he may call them as witnesses and agreed that the district court's order to stay their release was a satisfactory way to secure their presence. *See United States v. Rodriguez*, 602 F.3d 346, 350-51 (5th Cir. 2010); *United States v. Delgado*, 401 F.3d 290, 300-01 (5th Cir. 2005).

We note that the judgment incorrectly identifies the date Gonzalez was found guilty of Count 1 of his indictment, the conspiracy count, and makes no mention of the resolution of the remaining four counts of his indictment. Accordingly, the case is REMANDED for the limited purpose of amending the judgment to reflect the correct date of the guilty verdict on Count 1 and to indicate the resolution of the remaining counts. *See* FED. R. CRIM. P. 36. In all other respects, the judgment is AFFIRMED.